NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PUBLIC EMPLOYEES RETIREMENT
SYSTEM OF MISSISSIPPI,

Plaintiff-Appellant,

v.

QUALCOMM, INC.; STEVEN M.
MOLLENKOPF; DEREK K. ABERLE;
GEORGE S. DAVIS; VENKATA S.M.
RENDUCHINTALA; TIM MCDONOUGH;
CRISTIANO R. AMON,

Defendants-Appellees.

No. 18-55005

D.C. No.
3:15-cv-02678-MMA-WVG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted July 11, 2019
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and SIMON,[**] District
Judge.

Plaintiff Public Employees Retirement System of Mississippi appeals the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Michael H. Simon, United States District Judge for the
District of Oregon, sitting by designation.

district court's dismissal of its claims against Qualcomm, Inc. (Qualcomm) and several of its corporate officers (collectively, Defendants) under § 10(b) of the Securities Exchange Act of 1934 (Exchange Act) and Rule 10b-5, and § 20(a) of the Exchange Act. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      We agree with the district court that Defendants' statements made prior to January 28, 2015 are not actionable misrepresentations or omissions. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 267 (2014) ("To recover damages for violations of section 10(b) and Rule 10b-5, a plaintiff must prove '"[] a material misrepresentation or omission by the defendant . . ."'" (quoting *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 460 (2013))).

Plaintiff alleges that Samsung, a major Qualcomm customer, abandoned use of the Snapdragon 810 chip due to purported overheating. Plaintiff claims that Defendants made misrepresentations when they implied that smartphone manufacturers would utilize the chip, and that Qualcomm would "be able to maintain [its] leadership position in the premium-tier." But Qualcomm had no affirmative duty to disclose Samsung's alleged abandonment. *See In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 880 n.8 (9th Cir. 2012). Instead, "[a]n actionable omission claim arises only when disclosure is 'necessary . . . to make the statements made, in light of the circumstances under which they were made,

not misleading.'"  *Retail Wholesale & Dep't Store Union Local 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1278 (9th Cir. 2017) (second alteration in original) (quoting 17 C.F.R. § 240.10b-5(b)).  We conclude that Defendants' statements regarding continued industry leadership were the sorts of "vague, optimistic statements" that constitute nonactionable "puffery."  *Lloyd v. CVB Fin. Corp.*, 811 F.3d 1200, 1207 (9th Cir. 2016).  And because Plaintiff's complaint alleges that other smartphone manufacturers used the Snapdragon 810, we cannot conclude that Defendants' assertion that manufacturers generally would use the chip was materially misleading even though they omitted mention of Samsung's abandonment.

We also conclude that the various "on-track" and similar "no delay" statements made between December 2014 and January 2015 are nonactionable.  "[N]on-forward-looking statements" that "repeatedly reassure[] investors" in such a way that "affirmatively create[s] an impression of a state of affairs that differ[s] in a material way from the one that actually exist[s]" are actionable.  *In re Quality Sys., Inc. Sec. Litig.*, 865 F.3d 1130, 1144 (9th Cir. 2017) (quoting *Brody v. Transitional Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002)).  But here, Plaintiff alleges that the first smartphone that incorporated the Snapdragon 810—the LG G Flex 2—launched on January 5, 2015, just as the on-track statements indicated.  We thus cannot conclude that such statements were either false or affirmatively

misleading.

2. As to alleged misstatements made after January 28, 2015, we conclude that Plaintiff did not adequately plead loss causation. *See Halliburton*, 573 U.S. at 267. "'[L]oss causation' [is] the plaintiff's 'burden of proving that the act or omission of the defendant alleged to violate this chapter caused the loss for which the plaintiff seeks to recover damages.'" *Mineworkers' Pension Scheme v. First Solar Inc.*, 881 F.3d 750, 753 (9th Cir. 2018) (quoting 15 U.S.C. § 78u-4(b)(4)). Here, although the district court erred in its reliance on *Loos v. Immersion Corp.*, 762 F.3d 880 (9th Cir. 2014), we affirm its conclusion because Plaintiff has failed to allege the necessary "causal connection" between the purported misrepresentations and the resulting loss. *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005); *see also Nuveen Mun. High Income Opportunity Fund v. City of Alameda*, 730 F.3d 1111, 1119 (9th Cir. 2013) (explaining that "other contributing forces [to the investment's decline in value] will not bar recovery" so long as the misrepresentation was at least a "substantial cause" of the loss) (quoting *In re Daou Sys., Inc.*, 411 F.3d 1006, 1025 (9th Cir. 2005))).[1]

**AFFIRMED.**

---

[1] Because we affirm dismissal of Plaintiff's claim under § 10(b), we also affirm dismissal of its claim under § 20(a). *See No. 84 Emp'r-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 945–46 (9th Cir. 2003).

4